**Palacios v HSRE-EB YORK, LLC**

2024 NY Slip Op 34231(U)

November 29, 2024

Supreme Court, New York County

Docket Number: Index No. 152167/2021

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   <u>HON. LISA S. HEADLEY</u>                     PART                     28M

*Justice*

-------------------------------------------------------------------------------X

GENESIS PALACIOS,

                               Plaintiff,

          - against -

HSRE-EB YORK, LLC, EB CONSTRUCTION GROUP, LLC.,

                               Defendant.

-------------------------------------------------------------------------------X

HSRE-EB YORK, LLC, EB CONSTRUCTION GROUP, LLC.

                               Plaintiff,

          -against-

UPMOST, INC.

                               Defendant.

-------------------------------------------------------------------------------X

| INDEX NO. | 152167/2021 |
|---|---|
| MOTION DATE | 03/01/2024, 03/25/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595647/2021

The following e-filed documents, listed by NYSCEF document number (Motion 001) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 46, 56, 57, 58, 59, 60

were read on this motion to/for                          <u>          DISMISSAL                    </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 52, 54, 55, 63, 64, 65, 66

were read on this motion to/for                          <u>          STRIKE PLEADINGS              </u>.

Plaintiff, Genesis Palacios ("Plaintiff"), commenced this personal injury action and alleges that on August 21, 2020, she tripped and fell while cleaning up construction debris, at a construction site located at 1622 York Avenue, New York, New York (" subject premises"). As a result of the accident, plaintiff alleges she sustained serious injuries to her cervical spine, lumbosacral spine, thoracic spine, bilateral shoulders, bilateral knees, bilateral ankles, bilateral elbows, left wrist, left forearm and right hip. *(See, Exhibit E, NYSCEF Doc. No. 33).* Plaintiff seeks money damages for her alleged severe physical pain and suffering.

The subject premises was owned by Defendant HSRE-EB YORK, LLC, ("HSRE-EB"), and managed by Defendant EB Construction Group, LLC ("EB Construction")(collectively referred to as "Defendants/Third-Party Plaintiffs"). Defendants HSRE-EB and EB Construction Group commenced a third-party action against Upmost, Inc ("Upmost"), the plaintiff's employer.

[* 1]

I.    **Motion Sequence Number 001**
      A. **Third-Party Defendant Upmost's Motion to Strike Complaint (Motion Sequence No. 001)**

Before the Court is Third-Party Defendant Upmost's motion for an Order striking plaintiff's Complaint, pursuant to *CPLR §3126*; or to preclude the plaintiff from providing testimony at trial for repeatedly obstructing discovery; or to compel plaintiff to appear for a continued examination before trial, pursuant to *CPLR §3124*; to sanction plaintiff's counsel for frivolous behavior, pursuant to *22 NYCRR 130-1.1*, and to award the movants' attorneys' costs and fees. (*See, NYSCEF Doc. No. 28).*

*CPLR §3126* pertains to penalties for refusal to comply with an order to disclose and provides in part:

> "If any party, or a person who at the time a deposition is taken or an examination or inspection is made is an officer, director, member, employee or agent of a party or otherwise under a party's control, refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just[.]"

*See*, CPLR *§3126*.

In addition, *CPLR §3126* authorizes trial courts to "craft self-executing orders that impose discovery sanctions on a party unless that party submits to the disclosure within a specified time." *See, Citizen Watch Company of America v. Zapco 1500 Investment, L.P.,* 190 N.Y.S.3d 318 (1st Dep't 2023). The nature and degree of the penalty to be imposed pursuant to *CPLR §3126* lies within the sound discretion of the Court. *See, Maxim v Feifer*, 78 N.Y.S.3d 98 (1st Dep't 2018).

In the motion, the movant, Upmost, argues that plaintiff's counsel willfully and repeatedly obstructed discovery by interrupting plaintiff's deposition with speaking objections, and by taunting defendant's counsel. Specifically, the movant alleges that on August 9, 2023, at plaintiff's deposition, when plaintiff was asked "whether it was her job to clean up the concrete and debris off the floor," the plaintiff provided nonresponsive answers and repeatedly testified that she was "working very fast." (*See, Exhibit F, NYSCEF Doc. No. 34 at page 52).* The movant claims the plaintiff's counsel, Mr. Michael Rudick ("Counsel Rudick") interjected repeatedly and was asked by Upmost's counsel, Ms. Beth Rex ("Counsel Rex"), to not "coach the witness during the deposition" since Counsel Rudick attempted to clarify his client's testimony. *(Id).* The movant Upmost also asserts that Counsel Rudick attempted to prolong the deposition by answering simple questions with elaborate and extraneous details. In addition, the deposition testimony was prolonged given the use of a Spanish interpreter.

In addition, the movant claims the day before plaintiff's deposition, plaintiff's counsel served Utmost's attorneys with a Supplemental Bill of Particulars on damages, and additional injuries that the plaintiff alleges she sustained, including cervical discectomy, decompression surgery, and implantation of a spinal cord stimulator. (*See, Exhibit E, NYSCEF Doc. No. 33)* The movant Upmost claims that due to the short notice, defendant's counsel did not have enough time to thoroughly question plaintiff on the newly asserted claims. Therefore, Upmost seeks a Court

**152167/2021   PALACIOS, GENESIS vs. HSRE-EB YORK, LLC**          **Page 2 of 5**
**Motion No.  001 002**

2 of 5

[* 2]

order to compel the plaintiff to appear for a continued examination before trial, or in the alternative, to strike the complaint, to sanction the plaintiff's counsel, and to award the movant's attorneys' fees and cost.

The co-defendants/third-party plaintiffs, HSRE-EB and EB Construction Group filed an affirmation in support of movant Utmost's motion for the same reasons set herein. *(See, NYSCEF Doc No. 46)*.

### B. Plaintiff's Cross-Motion to Strike Defendants' Answers

Plaintiff filed a cross-motion for an Order, pursuant to *CPLR §3126*, to strike the answers of defendants, HSRE-EB YORK, LLC ("HSRE-EB") and EB CONSTRUCTION GROUP, LLC, ("EB Construction") and third-party defendant UPMOST, INC. ("Upmost")(collectively "defendants"), or otherwise precluding the defendants from offering testimony or evidence at trial, or in connection with dispositive motion practice, on the grounds that the defendants have willfully and unjustifiably failed to respond to plaintiff's February 19, 2024 Supplemental Demand for Discovery. *(See, NYSCEF Doc. No. 56)*. Plaintiff argues that Upmost served deficient discovery responses dated March 28, 2024, which contained objections and blanket assertions that Upmost possesses no responsive materials. *(See, Exhibit "A" to Kunzig Aff. in Opp. at ¶¶ 3-6)*. Plaintiff argues that Upmost waived their objections when they failed to timely respond to plaintiff's February 19, 2024, Supplemental Demands. Additionally, plaintiff asserts Upmost has failed to provide an accompanying *Jackson* affidavit and detail as to Upmost's underlying search efforts. In the cross-motion, the plaintiff also requests for defendants to proceed with an additional 3 hours for the plaintiff's deposition to resolve the underlying motion. *(See, Exhibit B, NYSCEF Doc. No. 58)*.

In opposition to plaintiff's cross-motion, HSRE-EB and EB Construction argue, *inter alia*, that plaintiff's cross-motion to strike defendants/third-party plaintiffs' answer to the complaint was improperly filed because plaintiff's motion seeks relief against, non-moving parties, HSRE-EB and EB Construction. The defendants, HSRE-EB and EB Construction also argue that plaintiff's cross-motion was untimely filed because *CPLR § 2214(b)*, requires cross-motions to be served at least seven days prior to the return date. Here, the movant Upmost filed its motion to strike plaintiff's complaint on March 1, 2024, with a return date of March 29, 2024. *(See, NYSCEF Doc No. 26)*. However, Plaintiff filed their cross-motion on March 26, 2024, and made it returnable March 29, 2024. *(See, NYSCEF Doc. No.47)*. Therefore, the cross-motion was not served at least seven days prior to the March 29, 2024, return date.

### Discussion

As to the defendant Upmost's motion to compel, there is no dispute that the Plaintiff's served the supplemental bill of particulars on Upmost on January 10, 2024, the day before the plaintiff's scheduled deposition. *(See, NYSCEF Doc Nos 33 and 35)*. Given the abrupt notice, Upmost was not afforded time to prepare questions pertaining to Plaintiff's second supplemental bill of particulars, and plaintiff agreed to providing additional time for deposition. Accordingly, this Court will allow for an additional five hours for the depositions of the plaintiff as it pertains to the information served in the supplemental bill of particulars. As such, the portion of the movant-

**152167/2021  PALACIOS, GENESIS vs. HSRE-EB YORK, LLC**
**Motion No.  001 002**

**Page 3 of 5**

3 of 5

Upmost's motion to compel further deposition is granted, and the Court will permit an additional 5 hours pertaining to Plaintiff's second supplemental bill of particulars dated January 10, 2024.

As to the plaintiff's cross-motion, this Court finds that the motion is procedurally improper because it is "seeking relief from a nonmoving party." *Kershaw v. Hosp. for Special Surgery*, 114 A.D.3d 75 (1st Dep't 2013). In *Kershaw,* the Court held a "cross motion is an improper vehicle for seeking relief from a nonmoving party...allowing movants to file untimely, mislabeled "cross motions" without good cause shown for delay, would afford them an unfair and improper advantage." *Id.* The movant in motion sequence number 001 is third-party defendant Upmost, and plaintiff's cross motion seeks relief as against third-party plaintiffs EB Construction Group, LLC and HSRE-EB YORK, LLC, who are not the movants. Thus, the plaintiff's cross-motion was improperly filed, and must be denied.

### C. Defendants/Third-Party Plaintiff's Motion to Strike Complaint (Motion Sequence Number 002)

In motion sequence number 002, the moving third-party plaintiffs EB Construction Group, LLC and HSRE-EB YORK, LLC adopted and incorporated by reference the arguments made in Upmost's motion to strike the plaintiff's complaint. *(See, Motion 001, NYSCEF Doc No. 26).* Particularly, the third-party plaintiffs argue, *inter alia,* that the plaintiff's attorney, Counsel Rudick, had willfully and repeatedly obstructed discovery in this matter by persistently interrupting third-party plaintiffs and third-party defendant's deposition of the plaintiff. In addition, Third-Party Plaintiffs argue Counsel Rudick continually led plaintiff in her testimony.

In opposition, the plaintiff similarly argues, *inter alia*, the defendants requested an additional 2.5 hours to conclude their deposition of the plaintiff as to damages, and plaintiff's counsel has since offered defendants three additional hours of questioning which is even more than what Defendants demanded on January 11, 2024. (*See, Exhibit A, NYSCEF Doc. No. 64*). Plaintiff further declares there is no legal basis to strike the plaintiff's complaint, to preclude her testimony at trial, or to otherwise sanction plaintiff's counsel. Therefore, Plaintiff requests that the Defendants' motion be denied, and consents to an additional three hours of plaintiff's deposition regarding damages.

This Court finds that the movant defendants shall be granted an additional five hours to depose the plaintiff as it pertains to the information served in the supplemental bill of particulars. Therefore, the portion of EB Construction Group, LLC and HSRE-EB YORK, LLC's, motion to compel further deposition is granted, and the remaining relief sought is denied.

Furthermore, the portion of the movant-defendants' motion seeking sanctions against the plaintiff's counsel is denied, within the Court's discretion.

Accordingly, it is hereby

**ORDERED** the portion of motion sequence number 001 filed by Third-Party Defendant Upmost to strike the plaintiff's Complaint is DENIED; and the portion of the motion to preclude the plaintiff from providing testimony at trial for repeatedly obstructing discovery is DENIED; and the portion of the motion to compel plaintiff to appear for a continued examination before trial is GRANTED; and the portion of the motion to sanction plaintiff's counsel for frivolous behavior,

**152167/2021  PALACIOS, GENESIS vs. HSRE-EB YORK, LLC**
**Motion No.  001 002**

**Page 4 of 5**

4 of 5

[* 4]

pursuant to *22 NYCRR 130-1.1*, and to award the movants' attorneys' costs and fees is DENIED; and it is further

ORDERED that the plaintiff's cross-motion to strike the answers of defendants, HSRE-EB YORK, LLC and EB CONSTRUCTION GROUP, LLC, and third-party defendant UPMOST, INC. is DENIED; and it is further

ORDERED that the portion of motion sequence number 002 filed by the Defendants/Third-Party Plaintiffs, HSRE-EB and EB Construction to strike plaintiff's complaint for repeatedly obstructing discovery is DENIED; and the portion of the motion to preclude the plaintiff from providing testimony at trial for repeatedly obstructing discovery is DENIED; and the portion of the motion to compel plaintiff, Genesis Palacios, to appear for a continued examination before trial is GRANTED; and the portion of the motion to sanction plaintiff's counsel for frivolous behavior and awarding third-party defendant's counsel costs and fees is DENIED; and it is further

ORDERED that parties are to proceed with the plaintiff's continued deposition for a total of five hours, which shall be scheduled to be held within 60 days of this decision/order; and it is further

ORDERED that any requested relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision and Order of the Court.

| | |
|---|---|
| **11/29/2024** | LISA S. HEADLEY, J.S.C. |
| **DATE** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

152167/2021   PALACIOS, GENESIS vs. HSRE-EB YORK, LLC
Motion No.  001 002

Page 5 of 5

5 of 5